(162 App. Div. 229)

VAN NESS v. GENERAL ELECTRIC CO. (No. 99—33.)

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

MASTER AND SERVANT (§ 124*) — INJURY TO SERVANT — DEFECTIVE WAYS, WORKS, OR MACHINERY.

Under Labor Law (Consol. Laws, c. 31) § 200, subd. 1, making employers liable for injuries to employés caused by defects in the condition of the ways, works, or machinery in the business of the employer, an employer is liable for injuries to an employé caused by a defect in the ratchet wheel of a hoisting appliance in common use and of standard make, though the ratchet wheel was inclosed, so as to prevent the discovery of any defect therein without taking off the covering, and though in the ordinary course of events the wheel would last as long as any other part of the apparatus,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and though the defect therein resulted from the use by the manufacturer of defective materials.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Edward Van Ness against the General Electric Company. From a judgment for plaintiff, and from an order denying a new trial, made on the minutes, defendant appeals. Affirmed.

See, also, 157 App. Div. 884, 141 N. Y. Supp. 1149.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James O. Carr, of Schenectady (Daniel Naylon, Jr., of Schenectady, of counsel), for appellant.

Edgar T. Brackett, of Saratoga Springs, William E. Bennett, of Schuylerville, and James J. Barry, of Schenectady, for respondent.

WOODWARD, J. The plaintiff entered the employ of the defendant on the 22d day of June, 1912, and on the 9th day of July of the same year was injured in an accident while discharging his duties. The details of the accident are not important to be set out. It was necessary to make use of a chain hoist, a mechanical contrivance operated by chains running over pulleys, in repairing a machine upon which the plaintiff had been at work. The plaintiff, with one Davis, while making use of this chain hoist, was injured seriously, and the jury has found a very substantial verdict in his favor. This chain hoist is designed to lift a load of half a ton, and it was, at the time of the accident, used in lifting a weight of 910 pounds, a point well within the safety limit of the apparatus if in good order; and the plaintiff's theory of the case is that the ratchet wheel was defective, four of the teeth being worn down about one-eighth of an inch lower than those adjacent to them, and that these defective teeth permitted the dog or pawl to slip over, and thus caused the weight which was being lifted to fall upon him, producing his injuries.

There can be no doubt that the ratchet wheel was defective. The exhibit in evidence discloses the fact, and it is plain that this defect was produced by the wear upon a portion of the wheel which was full of blow holes, and manifestly much softer than the remaining portion. The jury has found in favor of the plaintiff's theory, that the proximate cause of this accident was the defect in this ratchet wheel governing in a measure the action of the hoisting pulleys, rather than a slipping of the hooks upon the rope which was fastened around the object being hoisted, and the only serious question presented to our mind is whether the defendant can be charged with negligence in not discovering this defective ratchet wheel and guarding against this accident. This chain hoist was one of many of a similar kind used by the defendant and manufacturers generally engaged in like work, and consists of pulleys and chains with a ratchet wheel to hold the load at any given point, and the evidence in this case is that the load

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had remained suspended for a period of 15 minutes to a half hour, and that when the plaintiff pulled upon the proper chain to lower the load the chain was drawn violently from his hand and the load fell upon him.

Just how it could happen that this ratchet wheel would let go and permit the load to fall is not disclosed by the evidence. The testimony is not disputed that the ratchet wheel is not involved in the lowering of the load by the pulling of the proper chain, and the weight of the evidence would seem to be in favor of the proposition that the dog or pawl could not be removed from the ratchet in which it was engaged while the load remained suspended without prying it out. Of course, it might be that the ratchet was so rounded by the wear that the dog or pawl would slide out upon the load being swayed from a perpendicular line, and this seems to be the theory of the case accepted by the jury. At any rate the jury has found in favor of the plaintiff, and we are not prepared to say that there is not evidence in the case to support the verdict, if it be assumed that it was the duty of the master to have discovered this defect in the hoisting apparatus. It must be conceded, we think, that this is holding the master to a high degree of responsibility. The chain hoist is an apparatus in common use. It is not disputed that this particular hoist was of standard make, and the evidence discloses that this ratchet wheel, with its following dog or pawl, was incased, so that it was impossible to discover any defect in the wheel without taking off the covering and going into the inside of its mechanism.

It seems to be conceded that none of the witnesses had ever known of a similar case. The construction was such that it was not designed that any one should be looking into it. There was little reason to anticipate that the ratchet wheel would wear out more at one point than another, and it is very evident, if the materials used by the manufacturer had not been defective, that this would not have been the case. This is not a case of fine mechanical adjustment. The ratchet wheel is $4\frac{1}{2}$ inches in diameter, a quarter of an inch in thickness, and is designed to fit on over a shaft 2 inches in diameter or more, and in the ordinary course of events would last as long as any other part of the apparatus. It was only because of a defect in the material itself, and which was guarded from view by the casing in which it was inclosed, that the peculiar wear which was disclosed after the accident would be possible; and to hold the defendant responsible for this accident is to say that it is the duty of the master to tear down and look into all of the parts of a device which he has purchased of a standard maker, in order to discharge the duty of inspection.

Such liability did not exist at common law, but the language of subdivision 1 of section 200 of the Labor Law may be construed as enlarging upon the liability of the master in this regard, and so we acquiesce in the rulings of the trial court, and conclude that the verdict must stand.

The judgment and order appealed from should be affirmed, with costs. All concur, except SMITH, P. J., who dissents.